
FILED
NOV 25 2019
Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 19-001-BLG-SPW |
| --- | --- |
| Plaintiff/Respondent, | CV 19-108-BLG-SPW |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| ASHLEY DAWN CHESMORE, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Ashley Dawn Chesmore's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Chesmore is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States must respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the burden that would be placed on the respondent

1

by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On January 10, 2019, a grand jury indicted Chesmore and her aunt, Dawn Marie Guevara, on one count of conspiring to possess 50 grams or more of actual methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 846 (Count 1), and one count of possessing the same with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 2). The United States pleaded an aiding and abetting theory with respect to Count 2. *See* Indictment (Doc. 11) at 2. Assistant Federal Defender Evangelo Arvanetes was appointed to represent Chesmore. *See* Order (Doc. 7). Conviction on either count carried a mandatory minimum penalty of ten years in prison. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

On February 27, 2019, Chesmore pleaded guilty to both counts. *See* Mot. to Change Plea (Doc. 19); Minutes (Doc. 22).

At sentencing, under the advisory guideline calculation, the base offense level was 34. Chesmore received a two-level downward adjustment under the safety valve, 18 U.S.C. § 3553(f), and a three-level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1, for a total offense level of 29. Chesmore's criminal history category was II. The resulting advisory guideline range was 97 to

121 months. The Court further varied and departed downward and imposed a sentence of 48 months, to be followed by five years' supervised release. *See* Judgment (Doc. 30) at 2–3; Statement of Reasons (Doc. 31) at 1 § III, 4 § VIII.

Chesmore did not appeal. Her conviction became final on July 11, 2019. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). She timely filed her § 2255 motion on October 3, 2019. *See* Mot. § 2255 (Doc. 33) at 14; 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Allegations and Analysis

Chesmore provides reasons why she believes her conviction is unjust or her sentence is too harsh. Although these claims are defaulted,[1] they will all be addressed on the merits.

Chesmore points out that her diagnosed mental health issues, *see* Presentence Report ¶¶ 83–94, deprived her of the ability to stand up to people and made her susceptible to manipulation, *see* Mot. § 2255 (Doc. 33) at 5. She contends she was entrapped into committing the offense because, after she told Guevara she "wanted nothing to do with her illegal activities," a DEA agent continued to contact Guevara to have her send illegal packages to Chesmore. Chesmore also states that she made only $400 for delivering the packages. *See id.* at 8.

---

[1] Chesmore states that she did not appeal because her attorney did not believe an appeal would succeed. *See* Mot. § 2255 at 5–9, 11.

3

These facts, whether taken singly or all together, do not undermine Chesmore's criminal liability for the crime. Her mental health issues did not make her "unable to appreciate the nature and quality or the wrongfulness of [her] acts." 18 U.S.C. § 17. In fact, her statement that she told her aunt she "wanted nothing to do with her illegal activities" indicates she knew her acts were wrong. Similarly, Chesmore's entrapment allegation concedes that she was induced to commit the offense by her aunt, not an agent. *See United States v. Cortes*, 757 F.3d 850, 858 (9th Cir. 2014); *United States v. Williams*, 547 F.3d 1187, 1197 (9th Cir. 2008). Lack of a financial motive is not a defense to charges of dealing in methamphetamine. Some of Chesmore's statements suggest she acted under duress, *e.g.,* Ex. Partial Sentencing Tr. (Doc. 33-1) at 3:20–25, but she had ample opportunity to avoid harm, *see, e.g., United States v. Haischer*, 780 F.3d 1277, 1280–81, 1283–84 (9th Cir. 2015).

As to her sentence, Chesmore asserts that her punishment does not fit her crime and that her sentence was based on contradictory information. *See* Mot. § 2255 (Doc. 33) at 9. She also states that she has little criminal history and has never used drugs. *Id.* at 6. Congress has decreed that the fitting punishment for Chesmore's crime is at least ten years in prison, even for first-time offenders. *See* 21 U.S.C. § 841(b)(1)(A)(viii). The Court imposed a lesser sentence because of the factors Chesmore identifies: her mental health issues, her attempt to atone for her

4

actions, and her lack of personal motivation to commit the crime, as indicated by the facts that she neither profited nor used methamphetamine. *See* Statement of Reasons (Doc. 31) at 4 § VIII.

Finally, Chesmore is correct that her sentence was based on contradictory information. This information consisted of mitigating factors, *see, e.g.*, Ex. Partial Sentencing Tr. (Doc. 33-1) at 5:13–10:1, counterbalancing the central aggravating factor that Chesmore brought pounds of pure methamphetamine to the people and families of Billings, *see id.* at 4:23–5:13, 8:23–25. The Court explained why a sentence of ten years was not warranted and why four years was sufficient, but not greater than necessary, to achieve the objectives of federal sentencing policy. *See id.* at 10:2–3; 18 U.S.C. § 3553(a).

Chesmore's allegations do not support a reasonable inference that her conviction might be invalid or her sentence might be unlawful or unreasonable. Her motion under 28 U.S.C. § 2255 will be denied.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). None of Chesmore's allegations meets the threshold. There is no reason to encourage further proceedings. A COA is not warranted. Accordingly,

**IT IS HEREBY ORDERED**:

1. Chesmore's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 33) is **DENIED**.

2. A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Chesmore files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-108-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Chesmore.

DATED this 25th day of November, 2019.

Susan P. Watters
United States District Court